[Crim. No. 4576.   Second Dist., Div. Three.   May 1, 1951.]

THE PEOPLE, Respondent, v. PHIL WEINRICH, Appellant.

Walter L. Gordon, Jr., for Appellant.

Edmund G. Brown, Attorney General, and William E. James, Deputy Attorney General, for Respondent.

WOOD (Parker), J.—Defendant was charged with violation of section 288 of the Penal Code. In a trial by jury, he was convicted. Probation was granted. He appeals from the order denying his motion for a new trial.

Appellant contends that the evidence is insufficient to support the judgment. His argument is that there are "discrepencies, inconsistencies and improbable statements" in the testimony of the prosecutrix, a 9-year-old girl. The basis for the argument is that she first testified that defendant touched a certain part of her body when she had her right foot on the running board of an automobile, and thereafter she testified that he touched a different part of her body when her right foot was on the ground. In *People* v. *Slobodion,* 31 Cal.2d 555 [191 P.2d 1], wherein one charge was the violation of said section 288, the prosecutrix, a 6-year-old girl, made inaccurate statements as to the number of days in a week, the month when the incident occurred, the size of the defendant, and whether defendant wore a necktie.   The appellant therein

asserted that the evidence was insufficient in that the testimony of the prosecutrix was vague and contradictory. The following statement of the court in that case (p. 558) is applicable here: "In all its important phases, the prosecutrix's story is coherent and consistent. Her version of the incident remained unimpeached in all its essentials on cross-examination." In the present case the prosecutrix related facts which were sufficient to prove that defendant violated said section 288. No useful purpose would be served by reciting the testimony in detail. Factual issues were presented for determination of the trial court. The evidence was sufficient to support the judgment.

The order denying the motion for a new trial is affirmed.

Shinn, P. J., and Vallee, J., concurred.